UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  16-CIV-22157-SCOLA
          (11-CR-20211-SCOLA)
MAGISTRATE JUDGE P.A. WHITE

TERRELL BOYD,

    Movant,

    vs.

                                                           **REPORT OF**

**MAGISTRATE JUDGE**

UNITED STATES OF AMERICA,

    Respondent.

_____/

## I. Introduction

This matter is before the Court on Movant's *pro se* motion to vacate, filed pursuant to 28 U.S.C. §2255, as amended, attacking the constitutionality of his conviction(s) and sentence(s) as to **(Count 6)** carrying a firearm during a crime of violence/drug trafficking offense, in violation of 18 U.S.C. §924(c); and **(Count 7)** possession of a firearm by a convicted felon, 18 U.S.C. §922(g)(1) and §924(e). (See Cr-DE#88). Movant claims that these convictions are no longer valid in light of the Supreme Court's decision in Johnson v. United States, 576 U.S.   , 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), made retroactively applicable to cases on collateral review by Welch v. United States, 578 U.S.    , 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B),(C); S.D.Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2003-19; and Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts.

For its consideration, this Court has reviewed the §2255 motion (Cv-DE#1)[1] and memorandum in support of his motion (DE#9); the government's response (Cv-DE#13) and notices of supplemental authority (DE#s19, 21), Movant's traverse (Cv-DE#20), and all pertinent portions of the underlying criminal file.[2]

## II.  <u>Claims</u>

Construing the §2255 motion liberally as afforded *pro se* litigants, pursuant to <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), Movant challenges two of his convictions:

1.  Count 6 charging violations under §924(c) for possession of a firearm during and in furtherance of a crime of violence/drug trafficking; and

2.  Count 7 charging violation under 18 U.S.C. 922(g) and 924(e).

According to Movant, these convictions should be vacated based on the Supreme Court's decision in <u>Johnson v. United States</u>, 576 U.S. ___, 135 S. Ct. 2551 (2015) as void for vagueness and because he is "actually innocent" since the predicate offense is not a crime of violence. (Cv-DE#7, 14). However, Movant is not entitled to the application of <u>Johnson</u> to his convictions and sentences for the reasons stated herein.

---

[1]Citations to "Cv-DE#__" reference the docket entries in the instant civil case number 16-Cv-22157. Citations to "Cr-DE#__" reference the docket entries in the underlying criminal case number 11-Cr-20211.

[2]The Court may take judicial notice of its own records. <u>See</u> Fed.R.Evid. 201; <u>see also</u>, <u>United States v. Glover</u>, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)(finding the district court may take judicial notice of the records of inferior courts). The court also takes judicial notice of its own records in habeas proceedings, <u>McBride v. Sharpe</u>, 25 F.3d 962, 969 (11th Cir. 1994), <u>Allen v. Newsome</u>, 7985 F.2d 934, 938 (11th Cir. 1986), together with the state records, which can be found online.

### III.  **Facts of the Offense**

The factual background of this case is described in the factual proffer. (Cr-DE#68).

In 2011, a confidential source (CI) and an undercover police detective (UC) made contact with Movant regarding a potential home invasion robbery. (Id. at 1). On three previous occasions, the CI purchased firearms from Movant under the supervision of law enforcement. (Id.).

Then, the UC posed as a drug courier interested in robbing cocaine from the narcotics traffickers he worked for; and during a series of recorded calls and meetings, Movant indicated he knew individuals who were willing and able to commit an armed robbery of the stash house. (Id.). Movant also admitted that these persons had committed these types of robberies successfully in the past and that he already advised them that he had an upcoming job for them. (Id.). Movant arranged to have the UC and CI meet Movant's contacts. (Id.).

On March 2, 2011, Movant introduced the UC and CI to his three codefendants; and this meeting was audio and video recorded. (Id.). The UC explained he was a courier for narcotics traffickers and a load of 14 kilograms of cocaine was arriving the following week. (Id. at 3). The defendants agreed to rob the shipment and split the cocaine with the UC. (Id.). Although the UC explained that if the defendants did not want to commit the robbery he would just transport the cocaine as planned, Movant assured the UC that his group was ready to proceed with the robbery. (Id.). Several days later, Movant met with the UC and CI again; and the UC informed Movant that the cocaine arrived and the robbery would take place in two days. (Id.). This meeting was also audio and video recorded.

(<u>Id</u>.). When the UC asked whether the codefendants had the necessary equipment to carry out the robbery, Movant responded in the affirmative; and the UC told Movant he would relay any new information to Movant and contact would be made on the day the robbery was to take place. (<u>Id</u>.).

On March 10, 2011, Movant arrived at the meeting location with the codefendants. (<u>Id</u>.). The codefendants exited Movant's vehicle, entered the CI's vehicle (a government-vehicle equipped with recording devices), and drove with the CI to an undercover warehouse where they believed they were picking up a van to travel to the robbery. (<u>Id</u>. at 3). Movant also traveled to the warehouse but in his own vehicle. (<u>Id</u>.). When they arrived at the warehouse, they were arrested by law enforcement. (<u>Id</u>.). A search of the CI's vehicle revealed a loaded Smith and Wesson .357 revolver concealed in a black cap under the front passenger seat where one of the codefendants had been sitting.[3] (<u>Id</u>.). Similarly, under the rear passenger seat behind the driver where another codefendant was sitting, law enforcement found a Glock Model 26. (<u>Id</u>.). No firearm was found in Movant's vehicle. (<u>Id</u>.).

Movant waived his <u>Miranda</u> rights and provided a statement admitting to his involvement in the conspiracy to commit an armed robbery for cocaine, his plan to commit a robbery of the stash house, that he understood the plan involved robbing 14 kilograms of cocaine from the stash house where there would be armed men inside the house, and that he expected the cocaine would be evenly split between himself, his codefendants, and the UC. (<u>Id</u>.).

---

[3]Before the CI picked up the codefendants, law enforcement searched the vehicle and the CI. (DE#68:2). The record was corrected at the plea hearing to include that "at the time of the [first] search of the vehicle, no firearms or ammunition were inside the vehicle... and they were only later discovered after...the codefendants in this case had been inside the vehicle." (DE#173:26). Movant and his attorney agreed that this is what occurred. (<u>Id</u>. at 27).

## IV.   <u>Procedural History</u>

### A. *Indictment*

On **March 24, 2011,** a federal grand jury returned a multiple-count superseding indictment charging Movant and three codefendants with the following: **(Count 1)** conspiracy to possess with intent to distribute a controlled substance, to wit five kilograms or more of cocaine, in violation of 21 U.S.C. §841(a)(1) and §846; **(Count 2)** intent to attempt to possess with intent to distribute a controlled substance, to wit five kilograms or more of cocaine, in violation of 21 U.S.C. §841(a)(1) and §846; **(Count 3)** conspiracy interfere with interstate commerce by robbery, in violation of 18 U.S.C. §1951(a); **(Count 4)** attempt to interfere with interstate commerce by robbery, in violation of 18 U.S.C. §1951(a); **(Count 5)** conspiracy to carry a firearm during a crime of violence/drug trafficking offense, in violation of 18 U.S.C. §942(c)(1)(A) and §924(o); **(Count 6)** carrying a firearm during a crime of violence/drug trafficking offense, in violation of to a crime of violence, that is a violation of 18 U.S.C. §1951(a) as set forth in Counts 3 and 4 of the Indictment and during and in relation to a drug trafficking crime in violation of 21 U.S.C. §846 as set forth in Counts 1 and 2 of the Indictment and possession of a firearm in furtherance of such crimes, in violation of §924(c)(1)(A) and 2; and **(Count 7)** possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1) and §924(e)(1).[4] (Cr-DE#25).

### B. *Plea Agreement & Plea Hearing*

---

[4]Only Movant was charged with Count 7; the codefendants were not charged with Count 7. (DE#25:5).

On **June 10, 2011,** pursuant to the terms of a negotiated plea agreement Movant pled guilty to **Counts 1, 6, and 7.** (Cr-DE#67). Therein, Movant acknowledged that the court could depart from the advisory guideline range computed; and, while required to consider that range, it was not bound to impose a sentence within the advisory range but was permitted to tailor the sentence in light of other statutory concerns. (Id. at 2). Movant also understood and acknowledged that "the Court may impose a statutory maximum term of imprisonment of up to life on Counts 1, 6, and 7." (Id.). In particular, Movant understood that the court must impose a statutory minimum term of imprisonment of five years as to Count 6, consecutive to any other term of imprisonment and a minimum term of imprisonment of fifteen years on Count 7, followed by a term of supervised release of up to five years on Counts 6 and 7, and "a fine up to $4,000,000 on Count 1 and $250,000 on Counts 6 and 7. (Id.).

Parties agreed that the government would recommend a two-level reduction in the Sentencing Guidelines pursuant to §3E1.1 based on acceptance of personal responsibility; and if, Movant's offense level was determined by be 16 or greater, the government would recommend an additional one-level reduction for assisting the authorities, pursuant to §3E1.1(b). (Id. at 3). Parties also agreed that they would recommend to the court that the base offense level is 20, that a firearm was possessed, resulting in a five-level increase pursuant to §2B3.1(b)(2)(C), and that no role adjustment was warranted resulting in an adjusted offense level of 25. (Id. at 3). The government agreed to recommend a sentence at the low end of the Guidelines range and for the sentence imposed to run concurrently with the sentence imposed in Case No. 11-cr-20305, where Movant pled guilty to a separate charge of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §922 and

6

§924.[5] (<u>Id</u>. at 4).

Movant also acknowledged that any estimate of the probable sentence to be imposed, whether from his attorney, the government, or the probation office, was merely a prediction, not a promise, and was not binding on the government, the probation office, or the court. (<u>Id</u>. at 4).  Movant understood that he would be unable to withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the parties individually or jointly. (<u>Id</u>.).

Moreover, Movant agreed to a waiver of all rights to an appeal unless the sentence exceeded the maximum permitted by statute or was the result of an upward departure and/or a variance from the Guideline range, that he discussed the appellate waiver with his attorney, and that Movant would seek from the district court a finding that his appellate waiver was knowing and voluntary. (<u>Id</u>. at 7).

The same day, June 10, 2011, the district court conducted a change of plea hearing, pursuant to <u>Fed. R. Cr. P. 11</u>. (Cv-DE#8-1). After being given the oath, Movant affirmed he understood that if he answered any questions falsely, he could be prosecuted in a separate action for perjury or for making a false statement. (<u>Id</u>. at 3). Movant provided background information, including his age (33 years old) and education (possesses a GED). (<u>Id</u>. at 4).

Next, Movant affirmed that he had received a copy of the

---

[5]In Case No. 11-cr-20305, Movant was adjudicated guilty of Count 1, possession of a firearm by a convicted felon, and sentenced to 180 months in prison and Supervised Release for a term of 5 Years. This sentence and supervised release shall be served concurrently with Case No. 11-cr-20211 (the underlying criminal case of this Report). Counts 2 and 3 in Case No. 11-cr-20305 were dismissed. (<u>See</u> Case No. 11-cr-20305 and Cr-DE#25 therein).

Indictment containing the charges against him, and that he had fully discussed the charges and the case in general with defense counsel. (Id. at 5). Movant stated he was fully satisfied with counsel's representation and the advice received from him in that regard; and, thus, he understood the charges and the minimum and maximum penalties he faced. (Id. at 5-12). In particular, Movant understood that Count 6 charged that he and/or others knowingly carried a firearm during and in relation to a drug trafficking crime, in violation of §924(c), and that the mandatory minimum sentence was five years in prison consecutive to any other term of imprisonment. (Id. at 9-10). Moreover, as to Count 7, Movant understood that this charged that Movant was a convicted felon in possession of firearms in and affecting interstate commerce, that is, possession of the Smith & Wesson .357 revolver and the Glock Model 26, and that the minimum term of imprisonment was fifteen (15) years with a maximum term of life. (Id. at 11-12).

Defense counsel reviewed the plea agreement and factual proffer with Movant again during the hearing. (Id. at 14). Movant affirmed that he read the plea agreement and had fully discussed the plea agreement with his counsel and understood it. (Id. at 15). The court reviewed and explained the consequences of the appellate waiver in the plea agreement; and Movant affirmed his understanding. (Id. at 20-21).

Movant affirmed that he was entering the plea agreement of his own free will because he was guilty as charged and was not made any other promises or assurances in exchange for his guilty plea. (Id. at 22). Regarding the waiver of his constitutional rights, the court explained, and Movant affirmed, that he was waiving the right to a trial by jury, the right to testify on his own defense, the right to call defense witnesses to testify on his behalf, to cross-examine the prosecution witnesses, and the right to the presumption

of innocence. (Id. at 22-24). Movant understood that by pleading guilty, he was giving up all of his trial rights as well as the right to appeal. (Id.).

Movant confirmed that the facts as stated in the factual proffer were true and correct, that he reviewed it with his attorney, and did not need additional time to review it. (Id. at 24). Movant and counsel agreed that one fact in the proffer needed to be amended, that since the CI drove a government-owned vehicle, that vehicle was searched and did not contain firearms prior to the codefendants entering the vehicle; thus, the firearms were only later discovered after the codefendants had been inside the vehicle. (Id. at 26-27). Movant entered his guilty plea. (Id. at 27). The court found Movant fully competent and capable of entering into an informed plea, being aware of the nature of the charges and the consequences of the plea; that his plea was knowing and voluntary supported by an independent basis in fact containing each of the essential elements of the offense; accepted Movant's plea and adjudged him guilty. (Id.).

### C. Presentence Report and Sentencing Hearing

A presentence report (PSR) was ordered in preparation for sentencing. Therein, the PSR outlined the offenses, minimum and maximum penalties, and sentencing options:

Count One:     Conspiring to possess with intent to distribute at least 5 kilograms of cocaine, 21 U.S.C. §846, a Class A felony, with a penalty of ten years to life imprisonment, $10,000,000 fine and $100 special assessment.

Count Six:     Carrying a firearm in furtherance of a crime of violence, 18 U.S.C. §924(c)(1)(A), a Class A felony, with a

                                   mandatory minimum five years imprisonment consecutive to any other term of imprisonment, $250,000 fine and $100 special assessment.

Count Seven:    Convicted felon in possession of a firearm, 18 U.S.C. §922(g)(1) and §924(e)(1), a Class felony, with a penalty of 15 years to life imprisonment, $250,000 fine, and $100 special assessment.

(See PSR at pg. 2 and ¶95).

Movant's base offense level, based on the drug offense, was 32. (PSR ¶38). Because he was an organizer, Movant received a two-level increase pursuant to §3B1.1(c); therefore, his adjusted offense level was 34. (PSR ¶43). Movant was an armed career criminal because he was subject to the enhanced sentence under 18 U.S.C. § 924(e), pursuant to §4B1.4(a); however, because the offense level for an armed career criminal would be *lower* (33) under §4B1.4(b)(3), Movant's offense level instead remained at 34, pursuant to §4B1.4(b)(1). (PSR ¶44). Movant was granted a two-level decrease for his acceptance of responsibility, pursuant to §3E1.1(a) and a one-level decrease pursuant to §3E1.1(b); thus, Movant's total offense level was 31. (PSR ¶45-47). Based on Movant's criminal history, he was assessed seven criminal history points resulting in a criminal history category of III; however, because he was deemed an armed career criminal his criminal history category was IV, pursuant to §4B1.4(c)(3). (PSR ¶55).

Based on a total offense level of 31 and a criminal history category of IV the guideline imprisonment range would ordinarily be 151 to 188 months; however, based on the mandatory minimum terms of imprisonment, pursuant to §5G1.1(c), the Guideline imprisonment range becomes 180 to 188 months; and as to Count 6, a term of imprisonment of five years shall run consecutively to any other

term of imprisonment, pursuant to §924(c). (PSR ¶96).

On **August 19, 2011,** Movant appeared and was represented by
counsel at his sentencing hearing. (Cr-DE#174). Movant acknowledged
that he reviewed the PSR with his attorney. (Id. at 3). Neither
party had any objections to the PSR. (Id.). Parties agreed at the
sentencing hearing that the mandatory minimum sentences (a total of
20 years) in Movant's case were higher than the advisory guideline
range. (Id. at 4-5). Defense counsel explained to the court the
government's recommendation (and agreement) that Movant be
sentenced to the low range and then presented numerous mitigating
factors to support the request for the low range. (Id. at 6).
Movant was then provided an opportunity to speak; and he apologized
to the court and his family and explained his involvement with the
CI. (Id. at 7-8).

The court explained its understanding but emphasized that this
was a case where Movant started out by selling one firearm, then a
few more and that his statements indicated he had plenty of other
firearms to sell (Aks, Ars, Uzzis, and TEC-9s), and, finally,
agreed to become involved in a "ripoff to steal drugs." (Id. at 9-
10). Still, the court assured Movant that it would not sentence him
to more than the mandatory minimum sentence of 20 years. (Id.).
Movant admitted that he sold five firearms on three different
occasions. (Id. at 11).

The court then sentenced Movant to ten years imprisonment for
Count 1, the drug charge; 15 years (180 months) imprisonment for
Count 7, possession of a firearm by a convicted felon, to run
concurrent with Count 1; and five years in prison for Count 6, for
the violation of §924(c), to run  consecutive to Counts 1 and 7,
for a total of 20 years with five years of supervised release to
follow. (Id. at 12-14). Next, Movant was sentenced in Case No. 11-

cr-20305, also to the 15-year mandatory minimum sentence to run concurrently with the sentence imposed in 11-cr-20211. (Id. at 15). Movant was also assessed $100 as to each count of conviction for a total of $400; and the court issued the forfeiture. (Id.). The court also advised Movant about his right to appeal his sentence. (Id. at 18).

Movant did not file an appeal. Therefore, Movant's judgment of conviction became final on **September 2, 2011,** fourteen days after sentencing.

On **June 8, 2016,** Movant the instant motion to vacate pursuant to §2255 raising Johnson claims. (DE#1). This Court appointed counsel for Movant to brief the issues; and, in support of Movant's motion, counsel asserted Movant was sentenced in excess of the statutory maximum and that Movant is actually innocent of his §924(c) conviction because the predicate offense that qualifies as a crime of violence does not apply post-Johnson. (Cv-DE#9:1-3). Accordingly, Movant claims Johnson applies to his case for two reasons: (1) because his conviction and sentence relied on the residual clause in 18 U.S.C. § 924(c) and (2) because his sentence was enhanced pursuant to the ACCA. (Cr-DE#9). The Eleventh Circuit had not settled the law on the §924(c) issue at the time of Movant's filing. It has since been resolved in Ovalles v. United States, 861 F.3d 1257 (11th Cir. 2017) and Mobley v. United States, 2016 U.S. Dist. LEXIS 171400, *1, 2016 WL 7188296 (S.D.Fla. Dec. 9, 2017).

## V. Standard of Review of Section 2255 Motions

Section 2255 states in relevant part that "[a] prisoner in custody under sentence of a court established by Act of Congress

claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution...may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. §2255.

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to §2255 are extremely limited. A prisoner is entitled to relief under §2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. See 28 U.S.C. §2255(a); McKay v. United States, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. §2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn, 365 F.3d at 1232 (citations omitted). It is also well-established that a §2255 motion may not be a substitute for a direct appeal. Id. (citing United States v. Frady, 456 U.S. 152, 165 (1982)). The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent..."

The Eleventh Circuit promulgated a two-part inquiry that a district court must consider before determining whether a movant's claim is cognizable. First, a district court must find that "a defendant assert[ed] all available claims on direct appeal." Frady, 456 U.S. at 152; McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001); Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). Second, a district court must consider whether the type of

relief the movant seeks is appropriate under §2255. This is because "[r]elief under 28 U.S.C. §2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." <u>Lynn</u>, 365 F.3d at 1232-33 (<u>quoting</u> <u>Richards v. United States</u>, 837 F.2d 965, 966 (11th Cir. 1988)(internal quotations omitted)).

If a court finds a claim under §2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or Presentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. §2255. To obtain this relief on collateral review, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." <u>Frady</u>, 456 U.S. at 166 (rejecting the plain error standard as not sufficiently deferential to a final judgment). Under §2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007). <u>See</u> <u>also</u> <u>Aron v. United States</u>, 291 F.3d 708, 715 (11th Cir. 2002)(explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous").

## VI. **Applicable Law**

*A. The Armed Career Criminal Act (ACCA) and the Application of <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015)*

Under the Armed Career Criminal Act, a defendant convicted of violating 18 U.S.C. § 922(g) is subject to a mandatory minimum sentence of 15 years (180 months) if he or she has three prior convictions for a violent felony or serious drug offense. 18 U.S.C.S. § 924(e)(1). The violent felony is any offense punishable by a term of imprisonment exceeding one year that: (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives. 18 U.S.C. § 924(e)(2)(B). The first prong of this definition is referred to as the "elements clause," while the second prong contains the "enumerated crimes clause." See United States v. Fritts, 841 F.3d 937 (11th Cir. 2016).

The ACCA originally contained a "residual clause," in addition to the "elements clause" and the "enumerated crimes clause." Only the "residual clause" of the ACCA was invalidated by Johnson, 135 S.Ct. at 2563 because it was unconstitutionally vague. Hence, the remainder of the ACCA is valid. A defendant is still subject to the enhancement of the ACCA if the predicate felonies meet the definitions of either the "elements clause" or the "enumerated crimes clause."

The Eleventh Circuit has made clear that in order to prove a Johnson claim, "a movant must establish that his sentence enhancement 'turn[ed] on the validity of the residual clause." In other words, he must show that the clause actually adversely affected the sentence he received. Beeman v. United States, 871 F.3d 1215, 1221 (11th Cir. 2017) citing In re Thomas, 823 F.3d 1345, 1349 (11th Cir. 2016). "Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a Johnson violation. That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the

15

enumerated offenses clause or elements clause (neither of which were called into question by <u>Johnson</u>) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense." <u>Beeman v. United States</u>, 871 F.3d at 1221.

### B. Florida's Qualifying Predicate Crimes Under the ACCA's Elements Clause

The Eleventh Circuit has put to rest any doubt that Florida robbery qualifies as a violent felony under the ACCA's Elements Clause. <u>See</u> <u>United States v. Fritts</u>, 841 F.3d 937 (11th Cir. 2016)(holding that all Florida robbery, including armed robbery, regardless of the date of conviction, is a violent felony under the elements clause of the ACCA). Binding precedent in the Eleventh Circuit holds that a Florida state conviction for robbery categorically qualifies as a "violent felony," for purposes of an ACCA enhancement. <u>See</u> <u>United States v. Fritts</u>, 841 F.3d at 944. Armed robbery is a violent felony under the ACCA's elements clause. See id. "When considering whether robbery under Fla. Stat. § 812.13 constitutes a violent felony for purposes of the Armed Career Criminal Act, because the requirement of force, violence, assault, or putting in fear in Fla. Stat. § 812.13(1) has remained the same, prior panel precedent involves that same statute and is binding." <u>United States v. Seabrooks</u>, 839 F.3d 1326, 1329 (11th Cir. 2016) <u>cert</u>. <u>den'd</u> by <u>Seabrooks v. United States</u>, 2017 U.S. LEXIS 3927 (June 19, 2017).

### C. There is No Constitutional Rule that Renders 18 U.S.C. § 924(c) Void for Vagueness

Section 924(c) provides for a mandatory five-year consecutive sentence for any defendant who uses a firearm during a "crime of

violence or drug trafficking crime." For the purposes of this section, "crime of violence" means an offense that is a felony and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3). The former clause is referred to as the "use-of-force" clause, and the latter clause is referred to as the "risk-of-force" clause or the "residual" clause. See Ovalles v. United States, 861 F.3d 1257, 1263 (11th Cir. 2017).

Section 924(c) is distinct from the residual clause of the ACCA invalidated by Johnson v. United States, 135 S.Ct. 2551 (2015) -- "the residual clause of the ACCA is unconstitutionally vague because it created uncertainty about how to evaluate the risks of physical injury posed by a prior criminal conviction and how much risk it takes to qualify as a violent felony." Ovalles, 861 F.3d at 1262 citing Johnson (internal citations omitted). The ACCA serves a completely different function than § 924(c) -- it identifies previous convictions for the purpose of applying a recidivist sentencing enhancement. Id. at 1265. "Section 924(c) is not concerned with recidivism, but rather with whether the instant firearm was used "during and in relation to" the predicate crime of violence (or drug trafficking offense) or possessed in furtherance of such predicate offenses." Id.

Hence, the law in the Eleventh Circuit is that "Johnson does not apply to, or invalidate, the "risk of force" clause in Section 924(c)(3)(B)." Ovalles, 861 F.3d at 1266. More recent opinions, cite to Ovalles not only for the proposition that the Court found Johnson does not invalidate the residual clause of § 924(c) but explains how it is distinguished from the ACCA. See United States v. Davis, No. 16-11477, 2017 WL 4410894 *4 (11th Cir. Oct. 4, 2017)

(unpublished); <u>Mobley v. United States</u>, 697 Fed. Appx. 646 (11th Cir. Sept. 8, 2017) (unpublished); <u>Council v. United States</u>, 2017 U.S. App. LEXIS 24407, *3, 2017 WL 5988450 (11th Cir. Dec. 4, 2017) (unpublished); <u>see</u> <u>also</u> <u>Martin v. Singletary</u>, 965 F.2d 944, 945 (11th Cir. 1992) (noting that even where a mandate has not issued, an order issued by the Eleventh Circuit "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by this court sitting en banc").

Consequently, <u>Ovalles</u> is binding precedent in the Eleventh Circuit. <u>See</u> <u>In re Hubbard</u>, 803 F.3d 1298, 1309 (11th Cir. 2015) (it is a "fundamental rule" that "courts of this circuit are bound by the precedent of this circuit."). For the reasons stated herein, <u>Johnson</u> does not apply to Movant's convictions -- there is no rule of constitutional law that renders § 924(c) void for vagueness.

## VII. <u>Discussion</u>

### A. *Procedural Bar as to Count 6*

Movant suggests that his claim challenging the validity of §924(c) is not procedurally barred in light of <u>Johnson</u>. He claims that he is "actually innocent" because <u>Johnson</u> rendered §924(c) void; therefore, his crime is not a crime of violence. The government contends that Movant's petition is procedurally defaulted because Movant did not raise the issue on appeal, and since <u>Johnson</u> did not affect Movant's conviction under §924(c), Movant cannot overcome the hurdle of the procedural bar. The government asserts that Movant's claim is procedurally defaulted, because issue of whether §924(c) is void could have been brought forward on appeal and was not. (Cv-DE#13).

It is well-settled that a motion to vacate under §2255 is not a substitute for direct appeal, and issues which could have been but were not raised on direct appeal are generally not actionable in a §2255 motion and will be considered procedurally barred. Lynn v. United States, 365 F.3d 1225, 1234-35 (11th Cir. 2004); Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." Lynn, 365 F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055).

Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a §2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235.

A meritorious claim of ineffective assistance of counsel can constitute cause. See United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000). However, ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a §2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503 (2003); see also United States v. Patterson, 595 F.3d, 1324, 1328 (11th Cir. 2010).

Here, Movant does not raise claims of ineffective assistance

of counsel.[6] Rather, construing Movant's argument liberally, he argues that his petition qualifies for relief pursuant to <u>Johnson</u>. However, Movant cannot use <u>Johnson</u> to overcome the procedural bar because it does not recognize a new right for the purposes of the procedural bar to vacate his §924(c) conviction.

<u>Johnson</u> invalidated the residual clause of the ACCA, § 924(e), which is distinct from the provision in §924(c), the statute under which Movant was convicted for Count 6. Pursuant to §924(c), the court sentenced Movant as a defendant who used or carried "a firearm during a crime of violence or a drug-trafficking crime," the result of a guilty plea that, inter alia, determined Movant's guilt of using or carrying a firearm during the robberies. <u>See Ovalles v. United States</u>, 861 F.3d 1257 (11th Cir. 2017). In essence, the <u>Johnson</u> decision does not apply to nor does it invalidate Movant's conviction under §924(c). Movant's sentence was not the result of an enhancement under the ACCA. <u>Johnson</u> is not a new constitutional principle that applies to his case. (Cv-DE#15:7-8). Therefore, Movant is not entitled to relief pursuant to <u>Johnson</u>, and, consequently, cannot overcome the procedural bar. Movant had the opportunity to challenge the constitutionality of §924(c) on direct appeal but did not do so. The point still would be moot since the matter has already been decided in the Eleventh Circuit in <u>Ovalles</u> - Section 924(c) is not unconstitutionally

---

[6]Movant is cautioned that arguments not raised by Movant before the magistrate judge cannot be raised for the first time in objections to the undersigned's Report. <u>See</u> <u>Starks v. United States</u>, 2010 WL 4192875 at *3 (S.D. Fla. 2010); <u>United States v. Cadieux</u>, 324 F.Supp. 2d 168 (D.Me. 2004). "Parties must take before the magistrate, 'not only their best shot but all of the shots.'" <u>Borden v. Sec'y of Health & Human Servs.</u>, 836 F.2d 4, 6 (1st Cir. 1987)(<u>quoting</u> <u>Singh v. Superintending Sch. Comm.</u>, 593 F.Supp. 1315, 1318 (D.Me. 1984)). Thus, "[W]here a party raises an argument for the first time in an objection to a report and recommendation, the district court may exercise its discretion and decline to consider the argument." <u>Daniel v. Chase Bank USA, N.A.</u>, 650 F.Supp.2d 1275, 1278 (N.D. Ga. 2009)(<u>citing</u> <u>Williams v. McNeil</u>, 557 F.3d 1287 (11th Cir. 2009). Here, if Movant attempts to raise a new claim or argument in support of this §2255 motion, the court should exercise its discretion and decline to address the newly-raised arguments.

vague. Thus, this claim is due to be denied as procedurally barred.

## B. Procedural Bar as to Count 7

Similarly, Movant suggests that his claim challenging the validity of his conviction as to Count 7, pursuant to the ACCA, is not procedurally barred in light of <u>Johnson</u>. He claims that he is "actually innocent" because <u>Johnson</u> rendered the residual clause of the ACCA void for vagueness. The government contends that Movant's petition is procedurally defaulted because Movant did not raise the issue on appeal; and, since <u>Johnson</u> only voided the residual clause, Movant's prior predicate convictions do not rely on the residual clause, his conviction is valid. (Cv-DE#13). Moreover, Movant could have brought forward such a challenge of the remaining clauses of the ACCA on appeal but did not do so. (Cv-DE#13).

It is Movant's burden to establish that his sentence enhancement "turned on the validity of the residual clause." <u>Beeman v. United States</u>, 871 F.3d at 1221; <u>In re Thomas</u>, 823 F.3d at 1349. Armed Robbery is a violent felony under the elements clause of the ACCA. <u>United States v. Fritts</u>, 841 F.3d 937 (11th Cir. 2016). That is because the requirement of force, violence, assault, or putting in fear in Florida's robbery statutes has remained and is binding. <u>United States v. Seabrooks</u>, 839 F.3d at 1329.

Here, Movant has at least three ACCA-predicate violent felonies under the elements clause, without regard to the now-voided residual clause. In fact, five of Movant's ACCA-predicate violent felonies are armed robbery convictions in Florida, which are violent felonies under the "elements clause" of the ACCA. (PSR ¶s 49, 51, 52, 53, and 54). Neither the PSR nor the transcript of the sentencing hearing demonstrate that Movant's conviction was based solely on the "residual clause" of the ACCA.

21

In essence, there is no evidence to demonstrate that Movant's conviction rests on the now-void residual clause of the ACCA. Therefore, since Movant cannot meet his burden and because the predicate violent felonies meet the definition of the elements clause of the ACCA, Movant's sentence is not unlawful and his claim is due to be denied as procedurally barred.

*C. Fundamental Miscarriage of Justice - Actual Innocence*

The law is clear that a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Henderson v. Campbell, 353 F.3d 880, 882 (11th Cir. 2003). This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson, 353 F.2d at 892.

As a threshold matter, the Eleventh Circuit has never held that Section 2244(d)'s limitations period carries an exception for actual innocence, and it has declined to reach the issue whether the absence of such an exception would violate the Constitution. See Taylor v. Sec'y, Dep't of Corr's, 230 Fed. Appx. 944, 945 (11th Cir. 2007)("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because [the petitioner] has failed to make a substantial showing of actual innocence."); Wyzykowski v. Department of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000)(leaving open the question whether the §2244 limitation period to the filing of a first federal habeas petition constituted an unconstitutional suspension of the writ). But cf. United States v. Montano, 398 F.3d 1276, 1284 (11th Cir.

2005)("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by appellant's failure to timely file his §2255 motion."). However, several other circuits have recognized such an exception. See, e.g., Souter v. Jones, 395 F.3d 577 (6th Cir. 2005); Flanders v. Graves, 299 F .3d 974 (8th Cir. 2002).

Were "actual innocence" an exception to the application of the one-year limitations provisions of §2255, the Court would still be precluded from reviewing the claim presented in the instant petition on the merits. "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' Schlup v. Delo, 513 U.S. 298, 327-328(1995)." Bousley v. United States, 523 U.S. 614, 623 (1998). "[T]he Schlup standard is demanding and permits review only in the "'extraordinary' case." House v. Bell, 547 U.S. 518, 538 (2006).

Courts have emphasized that actual innocence means factual innocence, not mere legal insufficiency. Id.; see also High v. Head, 209 F.3d 1257 (11th Cir. 2000); Lee v. Kemna, 213 F.3d 1037, 1039 (8th Cir. 2000); Lucidore v. New York State Div. of Parole, 209 F.3d 107 (2nd Cir. 2000)(citing Schlup v. Delo, 513 U.S. 298, 299, (1995); Jones v. United States, 153 F.3d 1305 (11th Cir. 1998) (holding that appellant must establish that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him). See also Bousley, 523 U.S. at 623-624; Doe v. Menefee, 391 F.3d 147, 162 (2nd Cir. 2004)("As Schlup makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").

To be credible, a claim of actual innocence requires the movant to "support his allegations of constitutional error with new

reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." <u>Schlup v. Delo</u>, 513 U.S. at 324. All things considered, the evidence must undermine the Court's confidence in the outcome of the trial. <u>Id</u>. at 316.

No such showing has been made here. Even if such an exception exists, Movant has failed to make the requisite showing of actual innocence that would support consideration of his procedurally barred motion to vacate on the merits. To the contrary, on the record before this Court, Movant pled guilty to Counts 1, 6, and 7, and the factual basis for those charges. Here, Movant raises claims of legal insufficiency (that his crimes are not crimes of violence) and not actual innocence. Furthermore, at no time did Movant assert a claim of actual innocence during his plea or sentencing hearings.

No fundamental miscarriage of justice will result by procedurally barring this federal petition. Movant has not made the threshold showing of actual innocence. In other words, Movant has not presented sufficient evidence to undermine the court's confidence in the outcome of his criminal proceedings. See <u>Milton v. Sec'y, Dep't of Corr's</u>, 347 Fed.Appx. 528, 531-532 (11th Cir. 2009)(unpublished) (holding that affidavits proffered by *pro se* habeas petitioner were insufficient to establish actual innocence of murder, as would allegedly have created an exception to one-year limitations period, because affidavits were presented more than ten years after murder and eight years after petitioner's trial, the affiants were in most cases aware of the alleged facts to which they attested before petitioner's trial, the affidavits were either not new evidence or were of questionable reliability, and none of the evidence negated petitioner's confession or his taped conversation with the victim's mother wherein he implicated another

individual in the murder).

Under the totality of the circumstances present here, the Movant is procedurally barred from raising claims challenging the constitutionality of §924(c) and his conviction pursuant to 18 U.S.C. § 924(e) is based on at least three ACCA-predicate violent offenses within the elements clause. Finally, Movant cannot demonstrate factual innocence in order to overcome the procedural bar. Consequently, this §2255 motion should be DENIED as procedurally barred.

## VIII. <u>Evidentiary Hearing</u>

Movant is also not entitled to an evidentiary hearing on the claims raised in this proceeding. Movant has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. <u>See</u> <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473-75 (2007)(holding that if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). <u>See</u> <u>also</u> <u>Townsend v. Sain</u>, 372 U.S. 293, 307 (1963); <u>Holmes v. United States</u>, 876 F.2d 1545, 1553 (11th Cir. 1989), *citing*, <u>Guerra v. United States</u>, 588 F.2d 519, 520-21 (5th Cir. 1979)(holding that §2255 does not require that the district court hold an evidentiary hearing every time a section 2255 petitioner simply asserts a claim of ineffective assistance of counsel, and stating: "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.").

25

## IX. <u>Certificate of Appealability</u>

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus had no absolute entitlement to appeal, but must obtain a certificate of appealability ("COA"). <u>See</u> 28 U.S.C. §2253 (c)(1); <u>Harbison v. Bell</u>, 556 U.S. 180 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. §2253 (c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id</u>. Upon consideration of the record as a whole, this Court should deny a certificate of appealability. Notwithstanding, if petitioner does not agree, he may bring this argument to the attention of the district judge in objections.

## X. <u>Recommendations</u>

Based on the foregoing, it is recommended that the motion to vacate be DENIED as procedurally barred and because <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015) does not apply to Movant's case, that no certificate of appealability issue, and, that this case be closed.

Objections to this report may be filed with the District Judge

26

within fourteen days of receipt of a copy of the report.

SIGNED this 21st day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Sowmya Bharathi
     Federal Public Defender's Office
     150 W. Flagler Street
     Ste. 1700
     Miami, FL 33130-1556
     305-530-7000
     Fax: 536-4559
     Email: Sowmya_Bharathi@fd.org
     Counsel for Movant

     Daya Nathan
     U.S. Attorney's Office
     99 NE 4th Street
     Miami, FL 33132
     305-961-9147
     Fax: 305-530-7976
     Email: Daya.Nathan@usdoj.gov

     Noticing 2255 US Attorney
     Email: usafls-2255@usdoj.gov