United States District Court
for the
Southern District of Florida

| Terrell Boyd, Movant, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Civil Action No. 16-22157-Civ-Scola |
| | ) | |
| United States of America, | ) | |
| Respondent. | ) | |

## Order Adopting in Part Magistrate Judge's Report and Recommendation

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation (R&R) on any dispositive matters. On March 21, 2018, Judge White issued a report, recommending that the Court deny Boyd's motion to vacate as procedurally barred and because *Johnson v. United States*, 135 S. Ct. 2551 (2015) does not apply to his case. (R. & R., ECF No. 25.) Boyd filed objections to the R&R (ECF No. 26), to which the United States filed a response (ECF No. 31), and both parties filed notices of supplemental authority (ECF Nos. 27, 30.)

Boyd does not object to the manner in which Judge White's R&R summarizes the underlying facts of this case; thus, the Court sets forth the facts relevant to its analysis. In 2011, Boyd was indicted on seven counts related to a potential robbery. Boyd eventually entered a plea agreement and pled guilty to three counts—Count 1, charging him with conspiracy to possess with intent to distribute a controlled substance; Count 6, charging him with carrying a firearm during a crime of violence/drug trafficking crime in violation of 18 U.S.C. section 924(c); and Count 7, charging him with possession of a firearm by a convicted felon in violation of 18 U.S.C. sections 922(g)(1) and 924(e)(1). The Court dismissed the remaining counts. At sentencing, the Court imposed a sentence of ten years imprisonment for Count 1, five years of imprisonment for Count 6, and fifteen years for Count 7. The sentence for Count 6 was consecutive to the sentence for Count 1, and the sentences for Counts 1 and 6 were concurrent with Count 7, so the total sentence was fifteen years. Boyd did not file a direct appeal.

In the motion to vacate, Boyd argues that his section 924(c) conviction is invalid because his previous convictions do not qualify as predicate "crimes of violence" under section 924(c), and that his sentence enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is therefore illegal following *Johnson.* Judge White appointed counsel to assist Boyd in further

briefing the issues, and counsel further argues that following *Johnson*, the residual clause in section 924(c)(3)(B) is unconstitutionally vague. In the R&R, Judge White determined that, based upon *Ovalles v. United States*, 861 F.3d 1257 (11th Cir. 2017), the residual clause in section 924(c) is not void for vagueness following *Johnson*, and that Boyd's previous Florida convictions qualify as predicate crimes under ACCA's elements clause pursuant to *United States v. Fritts*, 841 F.3d 937 (11th Cir. 2016) and *United States v. Seabrooks*, 839 F.3d 1326,1329 (11th Cir. 2016). Accordingly, Judge White recommended that the motion to vacate be denied, as Boyd's claims are procedurally barred.

In his objections, Boyd argues that, in spite of *Seabrooks* and given the United States Supreme Court's grant of certiorari in *Stokeling v. United States*, 684 F. App'x 870 (11th Cir. 2017), *cert. granted*, 138 S. Ct. 1438 (2018), the Court should at least issue a certificate of appealabilty with respect to whether Florida armed robbery is a violent felony under the elements clause of the ACCA. Boyd also argues that *Ovalles* does not foreclose the relief requested in this case, especially given the United States Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1215 (2018), in which the Supreme Court found the residual clause of the federal criminal code's definition of "crime of violence" in 18 U.S.C. section 16(b) to be unconstitutionally vague in light of *Johnson*.[1] As a result, Boyd argues that the Court should also issue a certificate of appealability with respect to whether the residual clause in section 924(c) is unconstitutionally vague after *Johnson*.

In response, the United States argues that Boyd's claim with respect to 924(c) fails because he was not sentenced pursuant to the residual clause of 924(c), and under *Fritts*, *Seabrooks*, and additional Eleventh Circuit precedent, Florida armed robbery is a violent felony under the ACCA elements clause. The United States also urges the Court not to grant a certificate of appealability regarding either issue because Boyd has failed to meet his burden of showing that he was sentenced under the residual clause of ACCA.

Upon review, the Court determines that Boyd's argument regarding the post-*Johnson* viability of the residual clause in section 924(c) is misplaced because the record is clear that he was not sentenced under the residual clause. Importantly, during the plea colloquy, the Court explained, with respect to Count 6 (the 924(c) charge), that the government alleged that Boyd and/or others knowingly carried a firearm "during and in relation to a drug trafficking crime as set forth in . . . Count 1." (Case No. 11-cr-20211 ("Cr."), ECF No. 173 at 9.) Boyd acknowledged his understanding. (*Id.*) In turn, Count 1 charged Boyd with conspiracy to possess with intent to distribute a controlled

---
[1] Indeed, *Ovalles* has been set for rehearing en banc early next month.

substance, in violation of 21 U.S.C. sections 841(a) and 846, which are provisions of the Controlled Substances Act, 21 U.S.C. sections 801, *et seq.* Thus, Boyd's resulting sentence falls outside the ambit of section 924(c)'s residual clause.[2] Therefore, the R&R did not need to rely upon *Ovalles* in denying Boyd's claim with respect to Count 6. As a result, the Court adopts the R&R to the extent that Judge White determined that Boyd's challenge of Count 6 is procedurally barred. Moreover, because Boyd's 924(c) conviction does not implicate that statute's residual clause, the Court need not issue a certificate of appealability in light of the authorities cited by Boyd, including *Dimaya*.

Nevertheless, the Court finds that Boyd is entitled to a certificate of appealability on the issue of whether Florida armed robbery constitutes a "violent felony" under the elements clause of the ACCA. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That standard is satisfied in this case. The Court recognizes that it is bound by *Fritts*, *Seabrooks*, and the authorities cited therein, and therefore adopts Judge White's R&R to the extent that it determined that Boyd's claim with respect to Count 7 is procedurally barred. However, the Court declines to adopt the portion of the R&R denying a certificate of appealability because, as the dissent in *Stokeling* recognizes, there is a very real question regarding the effect of the year of conviction for robbery in Florida because the least culpable conduct to support such a conviction changed in 1997—after Boyd's convictions for what the Court determined to be sufficient for enhancement of his sentence under ACCA.

Accordingly, the Court **adopts in part** Judge White's R&R (**ECF No. 25**), for the reasons already set forth. The Court **denies** the motion to vacate sentence (**ECF No. 1**). However, the Court issues a certificate of appealability as to whether Boyd was properly sentenced as an armed career criminal, based on the Court's finding that, regardless of the date of conviction, Florida armed robbery is categorically a violent felony under the ACCA.

The Court directs the Clerk to **close** this case. Any pending motions are denied as moot.

---

[2] In contrast, had Boyd pleaded guilty to Counts 3 or 4 of the indictment, Boyd would have a colorable argument that he had been sentenced on Count 6 pursuant to the residual clause in 924(c), as Count 6 also charged Boyd with carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 1951(a) as set forth in Counts 3 and 4. (Cr. ECF No. 25 at 4.)

**Done and ordered** at Miami, Florida, on June 28, 2018.

_____
Robert N. Scola, Jr.
United States District Judge